## GOUGH v BOBBY

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 30, 1931

W. O. R. Johnson, Youngstown, for plaintiff in error.

Xury Wilkins, Campbell, for defendant in error.

ROBERTS, J.

Now, what is it all about? At the termination of the proceedings in the Justice Court the defendant had a judgment for $110.00 on his cross petition. The case was appealed to the Court of Common Pleas and finally after entering judgments and setting them aside a judgment was finally permitted to stand in favor of the plaintiff in the sum of $30.00 on his so-called counter claim. Whether it can be considered as a counter claim when there is no petition by any other person probably should be construed as a petition for the purposes of this case. The plaintiff was still in default for a petition, or had filed no petition. The defendant had filed no cross petition or re-filed a counter claim in the Common Pleas Court. Judgment was finally allowed to stand in the sum of $30.00. It is claimed that there was error in these proceedings.

The substance of the contention of counsel for the plaintiff in error is that the trial court erred in hearing, taking jurisdiction of and determining the counter claim of the defendant filed in the court of the Justice of the Peace, without his having filed a pleading of some kind setting up his cause of action in the Court of Common Pleas. §10392 GC reads:

"If the defendant appeals from a judgment rendered in favor of the plaintiff and after filing his transcript and causing such appeal to be docketed, the plaintiff fails to file a petition or otherwise prosecute it to final judgment, the defendant may file his answer setting up whatever claim or demand he has against such plaintiff and prosecute it to final judgment. If defendant recovers judgment against the plaintiff, all costs which accrued before the justice and in the appeal court shall be adjudged against the plaintiff or the defendant on motion to the court may suffer judgment to be entered against him for the amount of the judgment below, in which case all costs which accrued before the justice and in the appellate court must be adjudged against such defendant."

It will be observed that this section of the Code provides for situations where the defendant appeals to the Court of Common Pleas and plaintiff below fails to file a petition, which it is clearly his duty to do. There is no provision of the statute that we have found or has been cited whereby any express provision is made for procedure in a case of this kind, where the action is prosecuted on the counter claim and the plaintiff, not the defendant, appeals. We apprehend, however, by analogy that the appropriate proceeding would be simply to reverse these parties so far as the provisions of the statute are concerned, and that it really was the duty of the defendant who held the affirmative in this case to file his pleadings setting up his claim. Whether it could properly be called a counter claim when there was no cause of action appealed so far as plaintiff is concerned, perhaps is not important. That was not done, but was this prejudicial to the plaintiff in error to a reversible degree?

The judgment in this case against the plaintiff was under date of March 23, 1931. No motion for new trial was filed until March 28th, 1931, or more than the three days provided for by the statute. Evidently becoming apprehensive about that, the mo-

tion was refiled on the 3rd day of April and a week later. Then we find this upon the journal under date of April 8th,—that was the date of the refiling of the motion:

"Upon application of the plaintiff, Charles W. Gough, and the court being fully advised in the premises, the journal entry filed by the defendant, Joseph J. Bobby, as of March 23rd, is corrected nunc pro tunc to show allowance of exceptions to the plaintiff."

Now, we have suspected that perhaps the purpose of this was an attempt to bring the filing of motion for new trial within time, but it does not provide for that which is corrected nunc pro tunc to show allowance of exceptions to the plaintiff owing to unavoidable prevention of the plaintiff doing so land for good cause shown.

There is nothing mentioned there except allowing exceptions, so that does not bring motion for new trial, even with this nunc pro tunc entry by the court within the provision of the Code. Of course the section for bringing motion for new trial within three days has some provision for courts to allow it to be filed at a later date where the party is unavoidably prevented, but if we may follow the language used here it was only for the purpose of entering an exception. Then it is said:

"The plaintiff is allowed to file motion for new trial instanter."

What authority the court had to allow the party to file a motion for new trial after the limitation provided by the statute had expired we do not know. This cause came on for hearing in some way before the court without the intervention of a jury and a judgment was entered against the plaintiff for $30.00. We have no bill of exceptions and what took place at that time is largely a matter of guess. This nunc pro tunc entry speaks of exceptions but if it did protect so far as exceptions are concerned we do not see how that could be construed except as an exception against the judgment entered. There is nothing in this case to indicate that it was not entirely agreeable to both parties that this case proceed to trial upon the original counter claim filed in the justice court. As we have heretofore suggested, we think the proper procedure would have been to have required a filing of a pleading setting that up in the Court of Common Pleas, but we apprehend further that the plaintiff had a right to waive that, and if he made no objection to the court so proceeding on that original counter claim, and did not except to it, certainly he is not in position to prosecute error upon that proposition, we are without a bill of exceptions and with this mass of confusing entries. This case shifted back for new trial, verdict for one side and motions for somebody else, it is pretty hard to follow it through.

There is another consideration pertinent to consideration of this case and that is that this court is not permitted under §11364 to reverse a judgment of the lower court unless it can find and so incorporated in the journal entry that substantial justice has not been done. We do not know and have no means of knowing which party in this case really had the meritorious side. There is no evidence presented. We know nothing about the facts. We have to presume under that situation that the Court of Common Pleas did its duty and correctly determined the case, and such being the fact, we can not say that there was prejudicial eror. We do not know but that the case was correctly decided. It is just as plausible as any other view that can be made of it. So reasoning, we have concluded that the judgment of the Court of Common Pleas should be affirmed.

FARR and POLLOCK, JJ, concur.